UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TORYANO LEMENT BABB,

        Defendant.
_____/

Case No. 1:00-CR-107-01

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant Toryano Lement Babb's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## I.     Background

On November 9, 2000, Defendant was convicted by a jury of three counts of bank robbery and three counts of using, carrying, or brandishing a fireman during a crime of violence. On November 27, 2001, the Court sentenced Defendant to a term of imprisonment of 762. months custody, consisting of 78 months on each of Counts One, Three and Five, to run concurrently; and 84 months on Count Two and 300 months on each of Counts Four and Six, to run consecutively. Defendant's sentence was enhanced under the then mandatory United States Sentencing Guidelines because Defendant stole property from a financial institution, U.S.S.G. § 2B3.1(b)(1); because he stole more than $50,000 but less than $250,000, *Id.* at § 2B3.1(b)(7)(C); and because he also stole more than $10,000 but less $50,000. *Id.* at § 2B3.1(b)(7)(B).

Defendant appealed his conviction and sentence to the Sixth Circuit Court of Appeals with two bases for error. Defendant claimed this Court failed to suppress evidence and that there was insufficient evidence to convict. The Sixth Circuit affirmed Defendant's conviction and sentence

on July 23, 2003. Defendant petitioned the United States Supreme Court for writ of *certiorari* and was denied said petition on December 15, 2003.

## II.     Controlling Standards

A prisoner may bring a motion under 28 U.S.C. § 2255 if he claims his sentence was imposed in violation of the Constitution. In order to prevail upon a section 2255 motion, Defendant "must allege one of three bases [of error]: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (citing *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). The instant motion is Defendant's first collateral attack on his judgment *via* section 2255 and is properly before this Court. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

## III.    Analysis

Defendant has moved to vacate, set aside, or correct his sentence on grounds that his sentence was based on facts not proven to a jury in violation of the Fifth and Sixth Amendments and that he was denied effective assistance of counsel in violation of the Sixth Amendment. In opposing Defendant's section 2255 motion, the government contends that Defendant has procedurally defaulted his claims, that counsel was not constitutionally deficient, and that his claims depend on a rule of law that cannot retroactively effect his current section 2255 motion.

### A.     Procedural Default

As noted, Defendant did not appeal the claims contained in his section 2255 motion to the Sixth Circuit. Ordinarily, claims not raised on direct appeal may not be raised through collateral review, *i.e.*, they are procedurally defaulted, unless Defendant shows (1) cause for his failure and

prejudice or (2) that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Procedural default is a judicial device that effects significant economies on the Court while respecting the interest of comity and finality. *Massaro v. US.*, 538 U.S. 500, 504 (2003).

However, procedural default does not serve these ends when a criminal defendant brings an ineffective assistance claim on direct appeal, and the Supreme Court held that "the better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255." *Id.* The Court went on to explain that the way an appellate record is usually structured—in a linear fashion of guilt or innocence—prevents meaningful appellate review of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 505. An appellate court is handicapped in that its congressional mandate is one of hindsight whereas a trial "court may take testimony from witnesses for the defendant and the prosecution and from counsel alleged to have rendered the deficient performance." *Id.* at 505-06 (other citations omitted). Thus, the Court finds Defendant has not procedurally defaulted his claim of ineffective assistance of counsel.

Defendant's claim that he was unconstitutionally sentenced in light of *United States v. Booker*, however, is procedurally barred.[1] Defendant maintains that he has good cause for not raising his *Booker*-type claim on appeal because the law supporting such a claim had not developed. A review of *Apprendi* and *Booker* belies Defendant's contention.

---

[1] *Booker* held that the Sixth Amendment requires that any fact, except a prior conviction, that enhances sentencing under the United States Sentencing Guidelines must be submitted to a jury and proven beyond a reasonable doubt. *Booker*, 125 S. Ct. 738, 756 (U.S. Jan. 12, 2005).

The principle underlying *Booker* was originally foretold in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Court decreed that:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

*Id.* at 490 (citing *Jones v. U.S.*, 526 U.S. 227, 252-53 (1999)). Given that *Apprendi*'s groundbreaking edict issued on June 26, 2000, Defendant was certainly aware that the constitutional predicate of his current claim existed both at his sentencing on November 27, 2001, and on appeal on July 23, 2003.[2]

"Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default." *Engle v. Isaac*, 456 U.S. 107, 134 (1982).[3] Because *Apprendi* demonstrated to Defendant the viability of his current claim both at sentencing and on appeal, he has failed to show good cause for failing to present that issue to the Sixth Circuit on direct review.[4]

---

[2] Indeed, this proposition is lent even more credence by the *Booker* Court itself. *Booker*, 125 S. Ct. at 756 ("Accordingly, we reaffirm our holding in *Apprendi* . . . .").

[3] Even though *Engle* discussed a section 2254 motion, the analysis applies with equal force to a section 2255 motion. *See Reed v. Farely*, 512 U.S. 339, 353-54 (1994); *Metheny v. Hamby*, 835 F.2d 672, 673-74 (6th Cir. 1987).

[4] Because the Court finds no cause exists to excuse Defendant's failure to appeal, a discussion of prejudice is unnecessary. Also, Defendant has not claimed actual innocence so the Court will likewise not consider that alternative ground.

Therefore, the Court finds that Defendant has defaulted his claim that he was unconstitutionally sentenced in light of *Booker*.[5]

### B.     Ineffective Assistance of Counsel

Defendant asserts that because neither his trial nor appellate counsel raised his *Booker*-type issue, his attorneys were constitutionally deficient.

In order to prevail on a claim of ineffective assistance, a defendant must show: (1) that his counsel made errors so serious that he "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and ; (2) "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687.

The first prong of the test, attorney performance, is judged by "reasonableness under prevailing professional norms." *Id.* at 688. In evaluating this prong, the Court must be "highly deferential" to counsel's performance and avoid being guided by the benefits of hindsight. *Id.* at 689 ("Every effort [must] be made to eliminate the distorting effects of hindsight."). The Supreme Court has recognized that a trial attorney faces a myriad of different decisions. *Engle*, 456 U.S. at 133. When counsel has overlooked or chosen to omit a possible argument, it does not give rise to a constitutionally deficient performance. *Id.* at 133-34. The same holds true for appellate counsel. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983).

It is well established that the "Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle*, 456 U.S. at 133-34. Thus, the decision not to make a

---

[5] However, this point is somewhat moot in that the Court also finds that *Booker* does not apply retroactively. *See infra* section C.

*Booker*-type argument—be it the product of oversight or conscious litigation strategy—does not transform counsels' effectiveness into a performance offensive to the Sixth Amendment.[6]

### C.     Retroactivity of *Booker*

The essence of Defendant's third claim is that, in his own words, "the rule of *Apprendi*, as clarified by the holdings in *Blakely v. Washington*,[7] and *United States v. Booker*, appll[ies] to his case." Simply stated, Defendant is seeking a retroactive application of *Booker* to his sentencing.

Retroactivity is governed by the Supreme Court's decision in *Teague v. Lane,* 489 U.S. 288 (1989). Applying the *Teague* analysis in *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002), the Sixth Circuit held that the rule in *Apprendi*, the legal precedent which gave rise to the *Blakely* and *Booker* cases, would not be applied retroactively, consistent with the determination of other circuit courts of appeals.

More recently in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply retroactively on collateral review to cases "already final on direct review" at the time the Supreme Court issued the *Booker* decision. *Id.* at 855, 860-63; *see also McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005) (holding that *Booker* does not apply retroactively to criminal cases which were final prior to the release of the *Booker* decision on Jan. 12, 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) (holding that *Booker* is not retroactively applicable to a case on collateral review).

---

[6] Because Defendant cannot establish *Strickland*'s first requirement discussion of the second prong is unnecessary.

[7] 542 U.S. 296 (2004).

Since Defendant did not have a case on direct review before the Sixth Circuit at the time *Booker* was decided, the *Booker* decision has no bearing on Defendant's section 2255 motion.

### D.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001).

Upon review, this Court finds that reasonable jurists would not find Defendant's positions debatable with respect to the substantive grounds for denying relief as to all issues asserted. Therefore, a certificate of appealability will be denied.

### IV.   Conclusion

Therefore, the Court will deny Defendant Toryano Lement Babb's Motion to Vacate, Set Aside, or Correct Sentence. Furthermore, the Court denies a certificate of appealability. A Final Order consistent with Opinion shall issue.

DATED in Kalamazoo, MI:  
September 23, 2005

                               /s/ Richard Alan Enslen
                              RICHARD ALAN ENSLEN
                              SENIOR UNITED STATES DISTRICT JUDGE