UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

No. 1:00-cr-107

-v-

HONORABLE PAUL L. MALONEY

TORYANO L. BABB,
    Defendant.

ORDER DENYING MOTION TO CORRECT OR MODIFY SENTENCE

In November 2000, Defendant Toryano Babb was convicted of three counts of bank robbery and three counts of using, carrying, or brandishing a firearm during a crime of violence. Defendant has filed this "motion to correct and/or modify sentence." (Dkt. No. 130). Defendant argues his sentence should be reduced or corrected because Congress is considering a bill, HR 2933[1], that would amend the firearm statute that served as a basis for three of his convictions. Defendant has not identified any rule or statutory authority for his motion.

A sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). This court cannot determine what, if any, version of the pending legislation will be enacted and whether it will apply retroactively. A bill does not constitute legislative authority and cannot serve as a basis for the relief requested by Defendant.

The authority of this court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)). This court may resentence a defendant only under specific and limited circumstances. *See* 18 U.S.C. § 3582(c). The statute provides

---

[1] House Resolution 2933 is entitled the "Firearm Recidivist Sentencing Act of 2009."

> (c) Modifisction of an imposed term of imprisonment. - - The court may not modify a term of imprisonment once it has been imposed except that - -
>> (1) in any case - -
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that do not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that - -
>>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, . . .
>>>>> and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>>> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). Rule 35 of the Federal Rules of Criminal Procedure authorizes a court to correct or reduce a sentence under two specific circumstances. Under section (a) of Rule 35, within fourteen days of sentencing, a court may correct a sentence that resulted from an arithmetical, technical or other clear error. Fed. R. Crim. P. 35(a). Under section (b) of Rule 35, a court may reduce a sentence upon the Government's motion if the defendant provided substantial assistance to the Government. Fed. R. Crim. P. 35(b).

Defendant is not entitled to the relief he seeks under either the statute or the court rule.

Defendant does not qualify for a reduction or modification of his sentence under subsection (c)(1) of the statute. The Director of the Bureau of Prisons has not filed a motion on Defendant's behalf. Defendant does not meet the requirements of Rule 35 of the Federal Rule of Criminal Procedure. Similarly, Defendant does not qualify for a reduction or modification of his sentence under subsection (c)(2). The Sentencing Commission has not lowered the sentencing range for any of the crimes for which Defendant was convicted.

For these reasons, Defendant's motion to correct and/or amend sentence (Dkt. No. 130) is **DENIED WITH PREJUDICE. IT IS SO ORDERED.**


Date:  June 7, 2010                                         /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            Chief United States District Judge